J-S37005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID TATE | : | |
| | : | |
| Appellant | : | No. 460 EDA 2018 |

Appeal from the PCRA Order January 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006069-2011

BEFORE: BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **Filed: August 22, 2019**

David Tate appeals from the order that dismissed his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"). We affirm.

During a traffic stop, police observed Appellant attempt to hide a firearm. As a result of a prior conviction, Appellant was prohibited from possessing firearms. The police charged Appellant accordingly. After unsuccessfully litigating a suppression motion, Appellant entered an open guilty plea to persons not to possess. Prior to entering his plea, Appellant completed a written plea colloquy in which he acknowledged that, by entering a guilty plea, he gave up his right to appeal the denial of his pre-trial suppression motion. Written Guilty Plea Colloquy, 9/5/12, at 2. The written colloquy further reinforced that any appeal following his guilty plea was limited to the voluntariness of his plea, the jurisdiction of the court, and a challenge to his sentence, and apprised Appellant that to appeal even those issues, he

had to file a timely motion to withdraw his plea. *Id*. at 3. Before accepting Appellant's guilty plea, the trial court confirmed on the record that Appellant reviewed the written colloquy with plea counsel, and that he understood the rights he was forfeiting by not going to trial. N.T. Guilty Plea, 9/5/12, at 3.

Appellant was sentenced on February 6, 2013. In advising Appellant of his post-sentence rights at the conclusion of the resentencing hearing, plea counsel stated, *inter alia*, as follows: "you have a right to appeal to the Superior Court. Either on the motion to suppress, which was denied or any sentencing issues you would like to raise within 30 days." N.T. Sentencing, 2/6/13, at 59.

Thereafter, newly-appointed counsel filed a post-sentence motion for reconsideration of sentence, which was granted. Appellant was ultimately resentenced to the same sentence originally imposed. Yet another attorney was appointed for Appellant's direct appeal, which resulted in no relief. **See Commonwealth v. Tate**, 113 A.3d 350 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 112 A.3d 652 (Pa. 2015).

Appellant filed a timely *pro se* PCRA petition on October 7, 2015, and an amended *pro se* petition on December 23, 2015. Among the many issues raised therein, Appellant complained in both filings that plea counsel rendered ineffective assistance in the litigation of his suppression motion, and that post-sentence counsel and direct appeal counsel were ineffective in failing to challenge the denial of his suppression motion on appeal. Nowhere in either

document did Appellant claim that his guilty plea was unlawfully induced by erroneous advice from plea counsel at sentencing concerning his ability to appeal the denial of his suppression motion after entering a guilty plea.

PCRA counsel was appointed, and, after various continuances, filed a petition to withdraw and a sixty-two page no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Therein, counsel addressed *seriatim* the issues raised in Appellant's petition and amendment. Appellant responded with a motion to proceed *pro se* and a *pro se* response to PCRA counsel's *Turner/Finley* letter. In his response, Appellant raised for the first time an argument that plea counsel was ineffective in advising him that he could appeal the suppression ruling after pleading guilty, and averred further that he would not have accepted the plea agreement had he been properly advised. Objection to No-Merit Letter, 11/29/17, at 4. In support, Appellant cited to the incorrect information quoted *supra* that plea counsel offered at Appellant's sentencing hearing. *Id*. (citing N.T. Sentencing, 2/6/13, at 50[1]).

The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.A.P. 907 on the basis of counsel's *Turner/Finley* letter. Appellant filed a *pro se* response to the Rule 907 notice,

---

[1] Appellant's citation is incorrect. The statement in question is found at N.T. Sentencing, 2/6/13, at 59).

in which Appellant suggested that his plea should be "voided and vacated" based upon a typographical error on the first page of his written plea colloquy. Objection to Notice of Intent to Dismiss, 12/19/17, at 1. The PCRA court dismissed Appellant's petition by order of January 24, 2018. Therein, the PCRA court advised Appellant that he could appeal the dismissal *pro se* or with retained counsel.

On February 2, 2018, Appellant filed a timely *pro se* notice of appeal. In his subsequent court-ordered statement of errors complained of on appeal, Appellant raised seven issues, including that plea counsel's incorrect advice about appealing the denial of the suppression motion induced his plea.

On September 6, 2018, PCRA counsel was officially permitted to withdraw, and new counsel was appointed. That attorney was permitted to withdraw the following month, and present counsel was appointed. In this Court, Appellant filed an application to proceed *pro se*. This Court remanded for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), during which Appellant elected to proceed with counsel.

Counsel has filed a brief raising one issue: "Did the PCRA [court] err when it dismissed [Appellant's] petition after appointed counsel filed a **Turne**r/**Finley** letter, where [plea counsel] was ineffective in affirmatively advising [Appellant] that he could file an appeal of the previously-denied Motion to Suppress after he entered an open guilty plea?" Appellant's brief at 4.

We begin with the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong is fatal to the claim. *Id*. at 113. Further, "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa.Super. 2017).

Appellant's argument is that the PCRA court erred in dismissing Appellant's PCRA petition because "he was affirmatively misinformed by [plea] counsel, on the record, that he would be able to appeal the motion to suppress after the sentence was imposed." Appellant's brief at 11. He claims that the

PCRA court erred in disposing of this claim without a hearing, and not even addressing it in its Rule 1925 opinion. ***Id***.

For a number of reasons, Appellant is entitled to no relief from this Court. First, as detailed above, the claim he now argues was not raised in either the petition or the amended petition. The claims that he actually raised, and that ***Turner***/***Finley*** counsel properly addressed, related to subsequent counsel's failure to pursue a suppression challenge on direct appeal. While Appellant raised this new issue in his various objections filed in the PCRA court, he never sought leave to amend his petition to add the claim.

"Where the petitioner does not seek leave to amend his petition after counsel has filed a ***Turner***/***Finley*** no-merit letter, the PCRA court is under no obligation to address new issues." ***Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa.Super. 2014). Similarly, raising a new claim (other than the ineffectiveness of PCRA counsel)[2] in response to a Rule 907 notice is ineffective unless leave to amend is sought and granted. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1192 (Pa.Super. 2012). "Having not sought permission to amend his petition to raise these new claims, the PCRA court was not required to address the issues," and they cannot serve as the basis for relief from this Court. ***Id***.

---

[2] Appellant does not challenge PCRA counsel's effectiveness, but rather states only a claim of PCRA court error.

Second, Appellant has failed to suggest that the claim has merit. He claims that he was "affirmatively misadvised by [plea] counsel during the **plea hearing** as to whether he could file an appeal of the trial court's denial of his [m]otion to [s]uppress." Appellant's brief at 8 (emphasis added). That is simply not true. Plea counsel's erroneous statement was made at the conclusion of Appellant's **sentencing hearing**. N.T. Sentencing, 2/6/13, at 59. It is not possible that misadvice occurring five months after the plea could have induced the plea.

Third, any suggestion that the erroneous information given at the sentencing hearing was a repeat of misstatements plea counsel gave to Appellant prior to his entry of the plea is contradicted by the record. As noted above, Appellant acknowledged under oath at the plea hearing that he completed and understood the written plea colloquy that indicated that, by entering a guilty plea, he gave up his right to appeal the denial of his pre-trial suppression motion. **See** N.T. Guilty Plea, 9/5/12, at 3; Written Guilty Plea Colloquy, 9/5/12, at 2. Accordingly, even if Appellant had properly pled his claim that plea counsel's statement that he could appeal his suppression issue after pleading guilty induced his guilty plea, its lack of merit is apparent from the face of the record. **See**, **e.g.**, **Commonwealth v. Pier**, 182 A.3d 476, 480 (Pa.Super. 2018) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later

assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

As such, Appellant has failed to convince us that the PCRA court erred and that relief is due.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:8/22/19